# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

JASON ADKINS                                                       PLAINTIFF

v.                                                 CIVIL ACTION NO. 3:18-CV-P761-GNS

LUTHER LUCKETT CORR. COMPLEX *et al.*                   DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Jason Adkins' *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the complaint but will provide Plaintiff an opportunity to file an amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a convicted prisoner at the Luther Luckett Correctional Complex (LLCC). He brings suit pursuant to 42 U.S.C. § 1983 against LLCC, Warden Scott Jordan, Captain Kevin Drake, and Sergeant Jermey Smith. He sues Defendants in their individual and official capacities.

In the complaint, Plaintiff alleges that he was assaulted by another inmate on November 24, 2017. He claims, "While I was in my cell on the night in question, an inmate by the name of Antonio Politi [] attacked me in my sleep, no one else saw incident due to the fact that there is no camera's in the cells in the segregation unit." He reports sustaining "multiple facial fractures and lacerations around my left eye and upper left lip" as well as "a fractured eye socket, and a broken nose."

To the complaint, Plaintiff attaches the grievance he filed related to the incident. Therein, he claimed:

> On November 22, 2017 they moved an inmate named Antonio Politi [] in my cell on November 23, 2017 at approximately 11:00pm while Mr. Politi [] was in the shower on B-L when I adkins gave a hand written note to correction officer Trevor Mccullough to give to shift supervisor to inform him to move me out of the cell I was in because I felt unsafe and scared. After I gave Trevor Mccullough the note I then verbally told Brian Owens to put me on suicide watch if they had to get me moved. Then I told C.O. Stone to please move me Stone and Owens said they would talk to the Seargent, and never came back. At Approx. 3:30am on Nov. 24, 2017 I woke up bleeding from my face and ear, I then hit the door yelling for help. I want all this documented and I want a reasonable explanation of why I was failed to be protected when I told the C.O. I was scared and wanted to go on suicide watch.

The grievance form reveals that Defendant Drake, at the informal resolution stage, "spoke with all staff at no time was it verbalized that inmate Adkins was in fear. A note was passed, the note only stated 'This guy is creepy.' All staff respondedly ethically and professionally."

Plaintiff appealed the informal resolution denial of the grievance, asserting that it "did not adequately address the institutions failure to protect me." He claims:

> Mr. Politi []was brought to RHU for violent actions. The institution placed my safety at risk by assigning Mr. Politi a self admitted violent prisoner and me a nonviolent prisoner in the same segregation cell. I made several verbal requests to staff asking to be moved to a different cell, including asking Ofc. Owens to put me on suicide watch. Also I gave Ofc. McCollough a written request to be moved. All requests went unanswered. I was attacked during my sleep and woke up bleeding. I hit the door and was yelling for help because RHU doors can only be opened by staff. My safety was in jeopardy until an officer came onto the walk and responded to my cry for help. Review of the RHU walkway camera footage at the times listed in my initial grievance will confirm my requests to officers and the time I was attacked and resulting injury.

On appeal, Defendant Warden Jordan concurred with the informal resolution. He indicated that the incident had been thoroughly investigated by Defendant Drake; that staff statements and a note Plaintiff handed staff indicated "only that [Plaintiff] did not want to live with inmate Politi"; that Plaintiff was placed in the RHU on November 10, 2017, for his "actions

of placing a substance on the video camera lens in a living unit"; that Plaintiff's file indicated that he had "18 major disciplinary reports and 4 disciplinary reports of physical action against other inmates in which [he was] found guilty"; and that Plaintiff's custody level had risen to maximum custody based on his institutional behavior at LLCC and other institutions. Defendant Warden Jordan further indicated that nothing in either Plaintiff's or Politi's history indicated a problem with them being housed in the same cell; that the institution disciplined Politi and "presented the case for criminal prosecution"; and that "there has been a separation alert placed on [Plaintiff] and inmate Politi."

Plaintiff appealed the Warden's decision to the Commissioner, claiming, "I do not feel that this institution is taking this seriously. They simply sugar coat it." The Commissioner concurred with LLCC's decision, indicating that at all levels of the grievance Plaintiff never told staff that he was afraid of the other inmate or that he was in any danger from him; that the note Plaintiff gave staff only stated that he thought the inmate was creepy; and that nothing in either inmate's history indicated a problem with them being housed together.

As relief, Plaintiff seeks damages "due to all of the physical, mental, and emotional anguish which has also led to me having nightmares," and he seeks an order directing LLCC's medical department to set an appointment "with the Kentucky Lions Eye Clinic per the recommendations of the University of Louisville Hospital's medical report for an eye exam in which to determine the best alternative to correct the vision in my left eye, this due to the fact that I see double at a far distance."

## II. **STANDARD OF REVIEW**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

## III. ANALYSIS

### A. *Luther Luckett Correctional Complex*

LLCC is part of the Kentucky Department of Corrections (DOC). The DOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("The prison is a state agency. . . . A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983.").

Additionally, the Eleventh Amendment acts as a bar to all claims for relief against LLCC. A state and its agencies, such as the DOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 124 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). The Commonwealth of Kentucky has not waived its immunity, *see Adams v. Morris*, 90 F. App'x 856, 857 (6th Cir. 2004), and in enacting § 1983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d 188, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (1979)).

For both of these reasons, the Court will dismiss the claims against LLCC for failure to state a claim upon which relief may be granted and for seeking relief from a Defendant immune from such relief.

### B. *Official-Capacity Claims for Damages*

The official-capacity claims for damages against Defendants Jordan, Drake, and Smith will be dismissed on two bases. First, these Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Burrell v. Sumner*, No. 97-3705, 1998 WL 786979, at *1 (6th Cir. Oct. 29, 1998) (finding that state employees sued in their official capacity are not persons who may be sued for damages under § 1983). Second, Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71; *see also Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

### C. *Individual-Capacity Claims for Damages*

#### 1. *Defendants Warden Jordan and Captain Drake*

The Eighth Amendment imposes a duty on corrections officers to take reasonable measures "'to protect prisoners from violence at the hands of other prisoners.'" *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim

based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove that the defendant acted with "deliberate indifference" to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

"In failure to protect cases, a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996) (internal quotation marks and citations omitted). However, actual knowledge also can exist where an inmate presents evidence showing that "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" and that the "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Farmer*, 511 U.S. at 842-43 (internal quotation marks omitted).

Here, Plaintiff does not allege that he told either Defendant Jordan or Drake about any threat to his safety from Inmate Politi prior to the attack, and he does not allege that either Defendant possessed any information of any threat to him from Inmate Politi prior to the attack. Plaintiff simply fails to allege any facts indicating that a substantial risk of serious harm was known by either Defendant Jordan or Drake before he was assaulted. Plaintiff, therefore, has failed to state a constitutional claim against Defendants Jordan and Drake.

7

To the extent Plaintiff seeks to hold Defendants Jordan and Drake responsible based on their supervisory positions as LLCC Warden and Captain, respectively, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Additionally, "[t]he mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (quoting *Shehee*, 199 F.3d at 300). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493

(6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same).

Plaintiff alleges only that Defendants Jordan and Drake denied his grievance appeals. Accordingly, Plaintiff fails to state a claim upon which relief may be granted against them.

### 2. *Defendant Smith*

While the Court has a duty to construe *pro se* complaints liberally, a plaintiff is not absolved of his duty to comply with the Federal Rules of Civil Procedure by providing a defendant with "fair notice of the basis for [his] claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Federal Rule of Civil Procedure 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *see also LeMasters v. Fabian*, No. 09-702 DSD/AJB, 2009 WL 1405176, at *2 (D. Minn. May 18, 2009) ("To state an actionable civil rights claim against a government official or entity, a complaint must include specific factual allegations showing how that particular party's own *personal* acts or omissions directly caused a violation of the plaintiff's constitutional rights.").

Plaintiff only lists Defendant Smith as a Defendant in the caption and parties section of the complaint form. He does not state any allegations against him in the body of the complaint. Plaintiff, therefore, fails to state any claim against Defendant Smith in his individual capacity, warranting dismissal of the complaint against him.

However, "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]." *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Thus, the Court will allow Plaintiff an opportunity to amend his Eighth Amendment failure-to-protect claim to describe the facts surrounding how Defendant Smith allegedly violated his rights. The Court further will allow Plaintiff to amend the failure-to-protect claim to name as Defendants in their individual capacities any other persons who allegedly violated his rights and to describe the facts detailing what each Defendant allegedly did to violate his rights.[1]

### D. Claim for Injunctive Relief

Finally, as injunctive relief, Plaintiff seeks an order directing LLCC's medical department to make an appointment for him at the Kentucky Lions Eye Clinic. He fails, however, to allege any facts indicating that he has sought and been denied treatment for any medical/eye condition, and he fails to allege that any named Defendant or other person denied him treatment. As no medical claim has been stated in the complaint, the claim for injunctive relief pertaining thereto must be dismissed.

As in the section above, however, the Court will allow Plaintiff to amend the complaint to assert and describe the details surrounding an Eighth Amendment claim of deliberate indifference to a serious medical need.

---

[1] For instance, in a grievance, Plaintiff alleges that he gave a note to Corrections Officer Trevor Mccullough to give to the shift supervisor "to inform him to move me out of the cell I was in because I felt unsafe and scared"; that he "verbally told Brian Owens to put me on suicide watch if they had to get me moved"; and that he then "told C.O. Stone to please move me Stone and Owens said they would talk to the Seargent, and never came back." Plaintiff fails, however, to name Mccullough, Owens, or Stone as Defendants in the complaint. If Plaintiff seeks to bring suit against them, he must name them as Defendants in the amended complaint and detail their alleged wrongdoing.

## IV. ORDER

For the foregoing reasons,

**IT IS ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and/or pursuant to § 1915A(b)(2) for seeking monetary relief from Defendants immune from such relief.

**IT IS FURTHER ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint**. Therein, Plaintiff may amend his Eighth Amendment failure-to-protect claim to name as Defendants in their individual capacities Sergeant Jermey Smith and any other persons who allegedly violated his rights and to describe the facts detailing what each Defendant allegedly did to violate his rights. Plaintiff also may amend the complaint to assert and describe the details surrounding an Eighth Amendment claim of deliberate indifference to a serious medical need. The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Should Plaintiff choose not to file an amended complaint within 30 days, the Court will enter a final Order dismissing the action for the reasons set forth herein.**

Date: July 3, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.005

11